# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-81122-ROSENBERG/REINHART

MANI BERJANO,

    Plaintiff,

v.

PALM BEACH COUNTY,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant's joint Motion for Summary Judgment [DE 50]. The motion has been fully briefed. For the reasons set forth below, the Motion is granted.

### I.    BACKGROUND[1]

Plaintiff is a male Cuban-American employee of Defendant. DE 1 at 2. In 2015, Plaintiff filed a charge of discrimination (see Attachment 1 to this Order) with the Equal Employment Opportunity Commission against Defendant. *Id.* Plaintiff alleged that he had not received a promotion because his employer had discriminated against him. *Id.* More specifically, Plaintiff alleged that he had supported female coworkers in their own charges of discrimination and that, as a result of that support, he had not been promoted. *See* DE 1-3. In 2016, Plaintiff filed a second charge with the EEOC. DE 1 at 2. In that charge, Plaintiff alleged that he had experienced retaliation for filing his first charge. *Id.* After the EEOC closed its investigation, Plaintiff filed the instant suit.

---

1 This background information is sourced in Plaintiff's Complaint.

Plaintiff has brought the following claims: Sex/Gender Hostile Work Environment (Count I), Sex/Gender Retaliation (Count II), Race/Color Hostile Work Environment (Count III), Race/Color Retaliation (Count IV), National Origin Hostile Work Environment (Count V), National Origin Retaliation (Count VI), and National Origin Discrimination (Count VII).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the

moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

### III. ANALYSIS

Defendant argues that it is entitled to summary judgment as to each of Plaintiff's claims. The Court expounds upon three of the primary categories of Defendant's arguments. First, the Court addresses whether some of Plaintiff's claims fail as a matter of law due to untimeliness and due to Plaintiff's failure to exhaust administrative remedies. Second, the Court addresses the sufficiency of Plaintiff's evidence of retaliation and discrimination with respect to Defendant's decision not to promote Plaintiff. Third, the Court addresses the sufficiency of Plaintiff's evidence as to other grounds of discrimination alleged by Plaintiff.

A. **PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND THE UNTIMELINESS OF A PORTION OF PLAINTIFF'S CLAIMS**

As a preliminary matter, many of Plaintiff's allegations are precluded from the Court's consideration. Plaintiff filed[2] his first EEOC charge on February 11, 2015, alleging that he had been retaliated against by Defendant for "expressing concerns to upper management about [his

---

2 For the sake of simplicity, the Court references the date Plaintiff that executed his EEOC charge as the filing date.

supervisor's] discriminatory practices towards some of his employees, including [Plaintiff]; and for supporting another [female] employee's complaint of gender discrimination." DE 39 at 3; DE 49-3 at 1. Because Plaintiff filed his first charge in February of 2015, Plaintiff is barred from alleging discrete acts of discrimination that occurred prior to April 17, 2014. *See* 42 U.S.C. § 2000e-5. In his Response to Defendant's Motion for Summary Judgment, Plaintiff references facts that occurred prior to April 17, 2014, to substantiate his claims. Plaintiff's claims before this Court that are premised on untimely allegations are barred.[3] *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, *even* when they are *related* to timely filed charges.") (emphasis added).

Plaintiff also relies in his Response (and in his Complaint) on a claim that was not raised before the EEOC prior to his initiation of this lawsuit—a claim for hostile work environment based on gender, race, and national origin. Plaintiff's first EEOC charge did not raise any hostile work environment claim—that charge is silent on the issue of a hostile work environment. DE 49-3. Later, Plaintiff filed a second EEOC charge, alleging that Plaintiff was denied a promotion because of retaliation for filing his first EEOC charge. DE 49-6. Plaintiff's second EEOC charge also did not raise any hostile work environment claim. Although Plaintiff does make use of the word "hostile" in his second EEOC charge and does reference, in a general sense, a hostile work environment, Plaintiff did not make a claim that he experienced, as a male, a workplace environment that was hostile to males. Similarly, Plaintiff did not make a claim that he experienced a hostile work environment because of his race or national origin.

---

3 Plaintiff's untimely allegations include, *inter alia*, the allegation that he was ordered to spy, that he was teased about sexual advances from third parties, and that he was denied certification training. *E.g.*, DE 57 at 2.

Instead, both of Plaintiff's EEOC charges allege that females experienced a workplace environment hostile to females.

In contrast to when the word "hostile" or "hostility" is used to describe generally retaliatory conduct, the legal term of art and the claim for a "hostile work environment" is only cognizable when such a claim is premised *upon a protected characteristic*. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). General hostility that one incurs as a result of statutorily-protected activity (such as filing an EEOC charge of discrimination) does not equate to a claim for hostile work environment; instead it equates to a claim for retaliation. *Cf. Los Angeles v. Manhart*, 435 U.S. 702, 725 (1978) (listing cognizable protected characteristics). Plaintiff has provided no authority for the proposition that a male may bring any claim for a work environment that is hostile to females, and the Court is aware of none.[4] *See id.* Nor is there anything in the EEOC charges or court record[5] to suggest that Plaintiff was subjected to a hostile work environment because of his race or national origin.

While it is true that a plaintiff may litigate any claim that is "reasonably related" to the charges in an EEOC filing, *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989), courts have held that a claim for discrimination and a claim for hostile work environment are distinct from

---

[4] While case law would permit a homosexual male to bring a claim for a male-on-male hostile work environment, the Court is unaware of any authority for the proposition that a heterosexual male may bring a claim for a work environment hostile to females. *See Roberts v. Archbold Med. Cntr.*, 220 F. Supp. 3d 1333, 1348 (M.D. Ga. 2016) (citing *Oncale v. Sundower Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998)) (permitting homosexual males to bring claims of gender-based hostile work environment). Moreover, Plaintiff's purported claim for a hostile work environment is logically self-defeating. If both Plaintiff and female coworkers experienced a hostile work environment it would be logically implausible for the hostility to be based upon gender.

[5] The Court is unable to locate any record evidence for the proposition that the EEOC investigated a hostile work environment claim *as to Plaintiff*, as a male, or as to Plaintiff, as a Cuban-American. However, the Court notes that its ability to analyze the record has been severely hampered by the fact that Plaintiff's Response contains no citations to the record at all. *See* Fed. R. Civ. P. 56(c)(3) (a court is only required to consider materials in the record that are cited). Furthermore, Plaintiff's Response contains virtually no citations to the law, including no legal citations on pages five through eighteen.

one another. *See Blalock v. Dale Cnty. Bd. of Educ.*, 84 F. Supp. 2d 1291, 1302 (M.D. Ala. 1999). Each claim is distinct because each requires different elements of proof. *Id.* Here, a claim that Plaintiff (as a male) was being discriminated against via a work environment hostile to females would be very distinct from a claim that Plaintiff was subjected to retaliation for filing an EEOC charge, and courts routinely refuse to permit plaintiffs to bring hostile work environment claims when the EEOC charge is limited to allegations of retaliation or disparate treatment. *Id; see also Ryans v. Whatley*, No. 1:11-CV-46, 2012 WL 3260412, at *5 (M.D. Ga. Aug. 8, 2012); *Randle v. Dynamic Sec., Inc.*, No. 2:17-CV-0902, 2017 WL 4572289, at *5 (N.D. Ala. Oct. 13, 2017); *Drisin v. FIU*, No. 16-CV-24939 (S.D. Fla. Jan. 10, 2018).[6] Finally, an EEOC charge filed by an attorney is not liberally construed in favor of a determination that a claim was brought before the agency, *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546 (6th Cir. 1991), and Plaintiff was represented by an attorney before the EEOC. *See* DE 54-1 at 2.

Plaintiff's EEOC charges were targeted towards the proposition that he was not granted a promotion because of disparate treatment and because of retaliation. In Plaintiff's own words, the reason he was discriminated against was because he had expressed concerns about his manager's discriminatory practices and because he had *supported another employee's* charge of gender discrimination. DE 49-3. The Court cannot conclude that, based upon Plaintiff's EEOC charges, the EEOC would have investigated a hostile work environment claim *as to Plaintiff*. Accordingly, Plaintiff cannot bring a hostile work environment claim because he has

---

6 It is therefore both logical and unsurprising that courts will not permit a plaintiff to bring a claim for disparate treatment when the EEOC charge was limited to the allegation that the plaintiff was subjected to a hostile work environment. *E.g.*, *Humble v. Cirrus Educ. Grp., Inc.*, No. 5:17-CV-192, 2017 WL 6001501, at *4 (M.D. Ga. Dec. 4, 2017).

not exhausted his administrative remedies for that claim and for the reasons articulated above.[7] Summary judgment is entered in Defendant's favor as to Plaintiff's claims for hostile work environment: Count I, Count III, and Count V.

### B. **<u>PLAINTIFF'S EVIDENCE IN SUPPORT OF HIS RETALIATION AND DISCRIMINATION CLAIM PERTAINING TO A 2016 FAILURE-TO-PROMOTE</u>**

Plaintiff's claims in his Complaint (and his EEOC charge) for retaliation are premised primarily on the contention that he was not promoted in 2016 due to discrimination. Assuming arguendo that Plaintiff has sufficient evidence to establish a prima facie case of retaliation for Defendant's failure to promote him,[8] the "exceedingly light" burden then shifts to Defendant to show a non-discriminatory reason for its decision not to promote Plaintiff. *See Flournoy v. CML-GA WB, LLC*, 851 F.3d 1335, 1339 (11th Cir. 2017). Defendant has met its burden; Defendant's basis for its decision not to promote Plaintiff is that Plaintiff interviewed poorly for the position, that his responses to interview questions were inadequate, and that Plaintiff's overall objective interview score (rendered by a panel) was low. Plaintiff does not dispute that he scored poorly for the position—that he ranked eighth out of fourteen total applicants. DE 54 at 9.

Plaintiff cannot simply recast the Defendant's proffered reason for its decision not to promote Plaintiff, nor can Plaintiff substitute his business judgment for that of the Defendant. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000). While Plaintiff has proffered reasons why Defendant should not have hired the individual who was, in fact, hired,

---

7 Even if Plaintiff could bring his hostile work environment claims, the Court would grant summary judgment in Defendant's favor on those claims for all of the reasons set forth in Defendant's Motion for Summary Judgment and Defendant's Reply in Support of its Motion for Summary Judgment.
8 It is unclear to the Court whether Defendant contests that Plaintiff has made a prima facie case for his retaliation claim pertaining to his January 2016 interview.

Plaintiff has failed to provide evidence to the court why the *six* other applicants who scored higher than Plaintiff also should not have been hired.[9] The law does not "take away an employer's right to interpret its rules as it chooses, and to make determinations as it sees fit under those rules." *Nix v. WLCY Radion Comms.*, 738 F.2d 1181, 1187 (11th Cir. 1984). "Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman*, 229 F.3d at 1030. Plaintiff has not provided evidence to rebut the fact[10] that seven other applicants scored higher than him in the application process or to explain how he should have been selected for promotion over those other applicants. Furthermore, it is undisputed that the applicants who scored higher than Plaintiff included female applicants and black applicants. DE 51 at 7. It is not "the court's role to second-guess the wisdom of an employer's decisions" and "federal courts do not sit as super-personnel department[s]." *Chapman*, 229 F.3d at 1030. Plaintiff has failed to create a genuine issue of material fact with respect to Defendant's proffered reasons for choosing not to promote him.

### C. **PLAINTIFF'S EVIDENCE IN SUPPORT OF HIS RETALIATION AND DISCRIMINATION CLAIMS PERTAINING TO OTHER MATTERS**

Although the primary basis for Plaintiff's Complaint is Defendant's failure to promote him in 2016, Plaintiff has raised various other grounds to argue that he was discriminated against. Those grounds are without merit and do not warrant much discussion. The Court

---

9 Similarly, while Plaintiff has challenged the objectivity of one of the interviewers on the interviewing panel, Plaintiff has not challenged other members the panel—each of whom gave Plaintiff low scores for his interview. Nor has Plaintiff challenged the objectivity of the final decision maker regarding his promotion.

10 By way of example, Plaintiff's Response to Defendant's Motion for Summary Judgment **contains no citations to the record at all**, and on pages five through eighteen the Response contains no citations to case law.

elects to adopt and incorporate into this Order the arguments brought by Defendant in its Motion for Summary Judgment and Reply. For each of the reasons set forth by Defendant, Plaintiff has failed to create a triable issue for a jury, Defendant's Motion should be granted, and Plaintiff's arguments to the contrary are rejected. For illustrative purposes, however, the Court considers below a few of Plaintiff's remaining grounds (including grounds that are untimely), together with a few of the reasons why Plaintiff's remaining grounds are legally insufficient.

Plaintiff contends that he was discriminated against when he was not selected for a promotion in December of 2014, however, it is undisputed that *no one* was hired for the position in question. DE 39 at 4. Instead of directly disputing this fact, Plaintiff quarrels with Defendant's decision, once no employee was selected for promotion, to reallocate work between various employees. DE 54 at 5. But "[w]ork assignment claims strike at the very heart of an employer's business judgment and expertise because they challenge an employer's ability to allocate its assets in response to shifting and competing market priorities." *Davis v. Lake Park*, 245 F.3d 1232, 1244 (11th Cir. 2001). Plaintiff has neither explained how a decision to reject an entire applicant pool (which included white males) was discrimination against him, nor provided legal argument as to how Defendant's work allocation decisions entitle him to relief. In contrast, Defendant has provided detailed reasons why its work reallocation decisions were justified and non-discriminatory. DE 57 at 6-7.

Plaintiff contends that he was denied a "work perk" because he was denied flex time leave four times in five years. DE 54 at 2. Plaintiff's requests for flex time included requests to go to a doctor's appointment, to go bicycling, to go to the airport, and to study for certain

9

certifications. DE 39 at 12. Defendant's policy, however, is that flex time cannot be used for personal activities such as medical appointments, bicycling, and travel to the airport, s*ee generally* DE 50 at 20, and as to Plaintiff's request to study for certifications, that request was granted by Defendant, subject to certain considerations. *Id.* In response to the foregoing, Plaintiff facially contends that white male employees were permitted to use flex time to engage in personal activities, and Plaintiff substantiates his contention by showing photographs he took of empty offices, photographs he took of sign-in and sign-out sheets, and records he kept of when coworkers walked down the hallway without any papers in their hands. DE 42-2. Plaintiff was asked at his deposition, however, whether he knew what his coworkers were doing when they left the office, and Plaintiff admitted that he did not know. DE 41-1 at 111. Plaintiff also testified that he "did not care" what his coworkers were doing when they left the office. *Id.* Conclusory assertions and unsubstantiated speculations are insufficient to withstand summary judgment. *See Gooden v. IRS*, 679 F. App'x 958, 963 (11th Cir. 2017) (citing *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997)).

Plaintiff also contends that his manager confronted him on three separate occasions. Plaintiff contends that his manager hit his fist on his own desk and said: "I am your boss and you're going to do things the way I tell you to do them," that his manager yelled at him on another occasion, and that on a third occasion his manager bullied him to complete more work. DE 41-1 at 107-08. Based upon Plaintiff's own explanation, this conduct was not related to Plaintiff's gender or his national origin. In any event, federal law does not require civility, and Title VII "is neither a general civility code nor a statute making actionable the ordinary tribulations of the workplace." *Davis*, 245 F.3d at 1238. Similarly, "not everything that makes

10

an employee unhappy is an actionable adverse action," otherwise "every trivial personnel action that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit." *Doe v. Dekalb Cnty. Sch. Dist.*, 145 F.3d 1441, 1449 (11th Cir. 1998). Plaintiff's evidence of his manager yelling at him is legally insufficient to withstand summary judgment.

For all of the foregoing reasons and for the reasons set forth in Defendant's Motion and Reply, summary judgment is entered in Defendant's favor as to Plaintiff's retaliation and discrimination claims in Count II, Count IV, Count VI, and Count VII.

### IV. CONCLUSION

Therefore, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 50] is **GRANTED** and the Clerk of the Court shall **CLOSE THIS CASE**. Summary judgment is hereby entered in Defendant's favor as to all counts. All other pending motions are **DENIED AS MOOT**. Defendant shall submit a proposed final judgment in Microsoft Word format to Rosenberg@flsd.uscourts.gov within two days of the date of rendition of this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 10th day of October, 2018.

Copies furnished to Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE